[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel.
Plaintiff initiated this action, alleging that he and the defendant intermarried at New London, Connecticut on July 17, 1995; that one of the parties has been a resident of this state for at least 12 months preceding the filing of the complaint; that there are two minor children born to the defendant wife since the date of the marriage, namely Anthony P. Yarbrough, born January 18, 1996 and Joseph T. Yarbrough, born April 23, 1999; that no other minor children have been born to defendant wife since the date of the marriage; that neither party has received state or municipal assistance; and that the marriage has broken down irretrievably with no hope of reconciliation.
Having heard the testimony of the parties and the report of counsel for the minor children, the court Finds that the marriage has broken down irretrievably without any hope for reconciliation and enters a decree of dissolution and the following orders:
1. CUSTODY AND VISITATION
The parties shall share joint legal custody of Anthony, born January 18, 1996 and Joseph born April 23, 1999; primary physical custody shall be with the mother. CT Page 10303
The parties understand and agree that joint legal custody requires cooperation between the parties to meet all needs of the child. This includes active participation by both parents in school and extracurricular activities, as well as in health-related issues.
The parties understand and agree that consideration of the child's needs shall be paramount, so that social and physical development shall be fostered by participation in age appropriate sports, religious instruction, educational opportunities, and the like.
Neither party shall deny permission for the child to participate in the above without good cause shown.
Each party shall exert every effort to maintain full access and unhampered contact between the child and the other parent, and to foster. a feeling of affection between the child and the other parent. Neither party shall do anything which would estrange the child from the other and which would injure the opinion of the child as to his mother or father, or which would impair the natural development of the child's love and respect for each parent.
Access:
Father shall have reasonable rights of access with the minor children as follows:
Regular Access:
Father shall have the boys each week from Thursday through Saturday under the following circumstances.
He shall pick the boys up from daycare, or school when after-school daycare is no longer utilized, during the school year. Until Joseph is enrolled in a full-day school program, Father shall pick him up from daycare during the school year at 11:00 a.m., or when any school program ends. Father shall also ensure that both boys arrive at school on time and prepared for the day each Friday.
Father shall return the children to mother's residence on Saturday at 12:00 p.m.
In the summer, father shall pick the children up from mother's residence at 9:00 a.m. each Thursday, and the return shall be as above.
Holiday scheduling shall supersede regularly scheduled visitation, and CT Page 10304 parental vacations shall not encompass holidays unless the parties agree in writing.
Vacations:
Mother shall be entitled to the April school vacation each year, and shall be allowed to take the children to Florida as has been the family pattern. She shall provide father with written notice of the flight times and numbers, as well as an emergency contact number one week prior to her departure. She shall have the children make two telephone calls to the father in the course of that week.
Father shall be entitled to the February break yearly, if he takes the week off from work. If the February break consists of only two days as mother reports, father's week may begin and end on any day which gives seven consecutive days with the children rather than a traditional Sunday through Saturday week. Father must notify mother in writing no later than December 15 each year of his intention to exercise this week in the following year. He shall have the children make two telephone calls to the mother in the course of that week.
Each parent shall be entitled to two weeks of vacation with the children each summer, which can be consecutive. The parent exercising vacation must have the week(s) off from work in order to take the vacation time. Father shall notify mother in writing by May 15 each year of his planned vacation times. If mother intends to take her time other than the last two weeks in July, she must notify father in writing by May 1 of any given year. The children shall make two telephone calls to the other parent in the course of those weeks.
Out of state travel plans shall be provided to the other parent via written notice, with an itinerary and contact numbers to be provided two weeks before departure.
Holiday Access:
 Thanksgiving: Mother shall have the children yearly from 9:00 am. to 3:00 p.m. Father shall pick them up at 3:00 p.m. and keep them. until Saturday at 12:00 p.m. Christmas: Mother shall have the children each year from 9:00 am. on December 24 to 11:00 am. on December 25. Father shall have the boys from 11:00 a.m. on December 25 until noon on December 26, or through to Saturday at noon if Christmas falls on Thursday or Friday.
Miscellaneous Days:
CT Page 10305
Father's Day: If father has the day off from work, he shall have the boys from 9:00 a.m. to 6:00 p.m.
Father's Birthday: If father has the day off from work, he shall have the boys from 9:00 a.m. to 1:00 p.m.
Easter Sunday: The parties shall alternate yearly if father has the day off from work. As mother wishes the children to attend 9:30 a.m. Mass. with her yearly, she shall deliver the children to father's residence after church and father shall return them by 6:00 p.m.
Memorial Day, July Fourth. Labor Day: The parties shall alternate yearly if father has the day off from work, and the time shall be from 9:00 a.m. to 6:00 p.m.
If father is scheduled to work on any of the days in this section, he shall be entitled to two to four hours with the boys to be structured around his work schedule; however, the return time shall not be later than 8:00 p.m. For access on these "Miscellaneous Days" only, mother shall transport the children to father's residence and he shall return them to hers.
Mother's Day shall always be with mother.
Mother's Birthday: If the day falls during father's time, he shall deliver the children to mother's residence at 9:00 am. and she shall return them to his residence by 1:00 p.m.
Monday Holidays: Mother shall have all Monday holidays with the boys. General Provisions:
Mother shall give consideration to father's access before enrolling the boys in any activities, and will discuss the impact on visits with the boys before making any decision. Father shall be advised in writing of any activities under contemplation.
Father shall be reasonable in allowing the boys to attend parties or other activities during his access times.
Mother shall send copies of any invitations and extracurricular activity notices to father each week with the boys' overnight supplies. Father shall advise mother of his decision about attendance, and shall be responsible for assuring the boys are adequately supplied with a gift or any necessary supplies for any activity in which they will engage during his time. CT Page 10306
If father receives any such invitations or notices when he picks the boys up from school or daycare, he shall send a copy of the invitation or notice to mother with the boys' supplies when he returns the boys on Saturday.
Mother shall provide father with the boys' school calendar each year upon receipt, as well as providing the teachers' names. Mother shall also provide a copy of her school calendar to Father yearly on receipt.
Father shall be responsible for contacting the school and making arrangements for his inclusion on mailing lists for all notices, conferences, report cards, etc.
Father shall fax or send to mother in Joseph's overnight bag, on the date of receipt of each month, a true copy of his schedule as produced by his employer. All information pertaining to other employees or father's work days which do not have an impact on his access times may be redacted, but father's shift times on days he will have the boys must be clearly shown on the schedule.
Each parent shall provide the other with written notice of a planned change in address at least 30 days prior to the move. Either parent relocating more than 15 miles from their current residence could be a valid ground to reconsider the transportation portions of this document.
Any change in telephone number shall be provided to the other parent on receipt of the new number.
Neither parent shall permanently remove the children from the state without providing 90 days written notice to the other.
2. The plaintiff husband shall pay child support in the amount of $154.00 per week, which sum is in accordance with the State of Connecticut Child Support Guidelines. Said child support shall be paid by way of a wage garnishment.
3. The defendant mother shall continue to maintain the minor children on her policy of medical insurance, as the same is available through her place of employment. The plaintiff father shall maintain the minor children on his policy of dental insurance, as the same is available through his place of employment. The parties shall both immediately give to the other such insurance cards as are necessary to access the insurance for the children. Pursuant to the Guidelines, the Wife shall pay the first $100.00 per year, per child, of out-of-pocket medical/dental expense. Thereafter, the parties shall share all uncovered/unreimbursed, reasonable and necessary, medical/dental expenses for the children in CT Page 10307 accordance with the guideline percentages for the State of Connecticut. Any and all outstanding insurance reimbursement checks shall immediately be turned over to the party entitled to the reimbursement.
4. The parties shall share all work-related daycare expense for the children in accordance with the guideline percentages for the State of Connecticut.
5. The parties shall each claim one of the children, each year, as a dependency exemption for federal and state income tax purposes. When there is only one child remaining eligible to be so claimed, the parties shall alternate claiming that child. The wife shall be under a continuing order to execute the appropriate IRS forms by February 15th of each year.
6. The husband shall maintain his work-related life insurance policies naming the minor children as equal irrevocable beneficiaries during the children's minority.
7. The husband shall quit-claim to the wife all of his right, title and interest in and to the real estate located at 384 Pumpkin Hill Road, Ledyard, Connecticut. The wife shall assume and pay any and all indebtedness related to said real estate and she shall indemnify and hold the husband harmless therefrom. In addition, the wife shall execute a mortgage deed and note, in favor of the husband, for the principal amount of $25,000.00 which shall be payable upon the first of the following occurrences:
(i) the death of either party;
(ii) the remarriage or cohabitation by the wife;
(iii) the sale of the real estate located at 384 Pumpkin Hill Road, Ledyard, Connecticut;
(iv) May 1, 2003.
Said mortgage note shall carry no interest, excepting that it is not paid in accordance with its tenor. Then, in that event, the mortgage note shall carry eight (8%) percent interest retroactive to the date of judgment. All costs incurred in the collection of the mortgage note, including a reasonable attorney's fee, shall be borne by the wife. The wife shall make good faith efforts, at least one time per year to remove the husband's name from the liability on the real estate located at 384 Pumpkin Hill Road, Ledyard, Connecticut. Should the wife be unable to remove the husband's name from said liability within three (3) years from CT Page 10308 the date of judgment, the property shall be marketed for sale.
8. The husband and wife shall each waive any and all claim that he/she may have in to and to the other's retirement/pension accounts, both defined benefit and contribution.
9. The husband and wife shall each retain their own motor vehicle with no claim upon the equity therein, if any, of the other's. The parties shall each assume and pay any and all debt attendant to their respective motor vehicles and shall indemnify and hold the other harmless therefrom. The parties shall cooperate with one another and, if necessary, execute any and all documents required to effectuate transfers, if applicable.
10. The husband shall, within 30 days of the date of judgment, retrieve the following personal property:
memory box China (from babyhood) Home Improvement board game oil lamp cribbage board video movie collection desk and chair pegboard birth certificate wheelbarrow Instruction and warranties for tools in black footlocker plaintiff's possession shop vacuum extension cords and sandpaper
Each party shall retain the remaining personalty in their possession with no further claim by the other.
11. The husband and wife shall each pay their respective attorney's fees in connection with the dissolution of marriage. The parties shall each pay one-half of the attorney's fees due Attorney Lori Hellum for the representation of the minor children. Within 30 days, the parties shall each pay their one-half share of said attorney's fees to Attorney Hellum or, shall make payment arrangements with the Law Firm of Hellum 
McIntyre. The proceeds from the sale of the truck shall be applied to the debt.
12. The husband and wife shall each assume and pay the debts listed on their respective financial affidavits, and/or debts which he/she has incurred and has failed to disclose, and, the parties shall each indemnify and hold the other harmless therefrom.
13. The parties have agreed that no alimony shall enter for either party. The court notes little disparity in their weekly income. CT Page 10309
14. Defendant wife shall have the right to resume her maiden name of Marie T. Fain.
 ____________________ J.H. Goldberg, JTR